UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:22CV-P159-JHM

**JONATHON ANDREW FENWICK**                                                                 **PLAINTIFF**

v.

**CHRISTOPHER HEMPFLING**                                                                    **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Jonathan Andrew Fenwick filed the instant *pro se* 42 U.S.C. § 1983 action. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff is a pretrial detainee at the Daviess County Detention Center (DCDC). He sues DCDC Sergeant Christopher Hempfling in his official capacity only. He asserts that on September 14, 2022, "an incident occurred in cell C103 of the [DCDC]." He further states as follows:

> At no point was Sgt. Christopher Hempfling involved in the cell, and or, removing me from the cell to which video cameras in the cell will show. Also, Sgt. Christopher Hempfling states in his written report that I was questioned in Captain Moore's office regarding two other inmates to which I incited my rights to the fifth amendment. At no point was Sgt. Christopher Hempfling involved in the cell with other inmates, nor was he present in Captain Moore's office during my questioning which lasted maybe all of thirty seconds. However, Sgt. Christopher Hempfling had the audacity in his written report to add at the end of the described incident that I, Jonathon Fenwick, admitted to "alleged" crimes, and also indicated involvement of two other inmates, which is completely false, and to be considered "heresay" at best by other officers at the [DCDC].

Plaintiff alleges that Defendant Hempfling's "actions and writing a false report is not only a violation to my fifth amendment rights as a U.S. citizen, and former E-4 in the U.S. Army, but is also malicious slander against my good name within this jail facility." He also states, "Lastly, Sgt.

Christopher Hempfling's report has the potential to cause myself or others bodily injury, or at least, threats of violence based on false information given to other inmates by way of said report/citation."

As relief, Plaintiff seeks compensatory damages and to "amend the citation to only evidence based material."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less

2

stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### *A. Official-capacity claim*

Plaintiff sues Defendant in his official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant is actually against his employer, Daviess County.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the municipality under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that any action was taken pursuant to a policy or custom of Daviess County. Accordingly, Plaintiff's official-capacity claim against Defendant must be dismissed for failure to state a claim upon which relief may be granted.

3

### *B. Individual-capacity claim*

While Plaintiff sues Defendant in his official capacity only, even if he had sued Defendant in his individual capacity, the claim would fail. The Court construes the complaint as alleging that Defendant violated Plaintiff's right to due process by filing a false disciplinary report against him. The Sixth Circuit has held that "[a] prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). For example, in *Jones v. McKinney*, No. 97-6424, 1998 U.S. App. LEXIS 32665, at *2-3 (6th Cir. 1998), the court held that the district court properly dismissed a prisoner complaint alleging prison officials "deliberately issued a false disciplinary report against him." The court found that "[the prison official] did not violate [the prisoner's] constitutional rights, even if the disciplinary report was false, because a prisoner has no constitutionally protected immunity from being wrongly accused." *Id.* at *3; *see also Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004) ("False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are subsequently adjudicated in a fair hearing."); *Person v. Campbell*, No. 98-5638, 1999 U.S. App. LEXIS 14091, at *3 (6th Cir. June 21, 1999) ("[T]he filing of false disciplinary charges against an inmate does not constitute a constitutional violation redressable under § 1983."); *Toliver v. Hickey*, No. 2:20-cv-2956-JTF, 2022 U.S. Dist. LEXIS 233200, at *6 (W.D. Tenn. Dec. 29, 2022) ("A prisoner does not have a due process right to be free of false disciplinary charges."). Therefore, an individual-capacity claim against Defendant based on his allegation of a false disciplinary charge would be subject to dismissal for failure to state a claim upon which relief may be granted.

To the extent that Plaintiff also claims that Defendant violated his Fifth Amendment right against self-incrimination, the Fifth Amendment's Self-Incrimination Clause, which applies to the states through the Fourteenth Amendment, *Malloy v. Hogan*, 378 U.S. 1, 8 (1964), provides that no person "shall be compelled in any criminal case to be a witness against himself." *McKune v. Lile*, 536 U.S. 24, 35-36 (2002). "[T]he general rule is that a person has no claim for civil liability based on the Fifth Amendment's guarantee against compelled self-incrimination unless compelled statements are admitted against him in a criminal case." *Entzi v. Redmann*, 485 F.3d 998, 1002 (8th Cir. 2007) (citing *Chavez v. Martinez*, 538 U.S. 760, 767 (2003)). Even though prison disciplinary hearings are not criminal proceedings, the Fifth Amendment does protect prisoners from attempts by prison authorities to compel testimony "that might incriminate [the prisoner] in later criminal proceedings." *Baxter v. Palmigiano*, 425 U.S. 308, 316 (1976). The Fifth Amendment, however, "does not prevent prison authorities from civilly disciplining an inmate for refusing to answer questions where there is no possibility that the answers would be used against the inmate in a criminal proceeding." *Bell v. Jumper*, No. 21-cv-4056-MMM, 2021 U.S. Dist. LEXIS 141197, at *5-6 (C.D. Ill. July 28, 2021) (quotation marks and citation omitted).

In this case, Plaintiff does not allege that any statement he may have made could have been used against him in a criminal proceeding. Therefore, an individual-capacity claim against Defendant based on violation of the Fifth Amendment's Self-Incrimination Clause would be subject to dismissal for failure to state a claim upon which relief may be granted.

Moreover, to the extent that the Court could construe a separate claim based on Plaintiff's allegation that Defendant's "report has the potential to cause myself or others bodily injury, or at least, threats of violence based on false information given to other inmates by way of said report/citation[,]" the allegation is conclusory and too lacking in factual specificity to state a claim.

*See Iqbal*, 556 U.S. at 678 (complaint not sufficient "'if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). Therefore, such a claim against Defendant in his individual capacity would also be dismissed for failure to state a claim upon which relief may be granted.

### IV.  CONCLUSION

The Court will enter a separate Order of dismissal for the reasons stated herein.

Date: April 19, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant
Daviess County Attorney
4414.010